Ellsworth agt. Fulton.

---

## SUPREME COURT.

SAMUEL S. ELLSWORTH agt. WILLIAM FULTON, JARVIS LIGHT
and HENRY LIGHT.

Where a party has given *notice of appeal* by *service* thereof on the opposite party,
but *not on the clerk*, he is not authorized to *amend* under § 327 of the Code.

*Yates Special Term, March*, 1862.
*Before* WELLES, *Justice*.
MOTION by plaintiff for leave to perfect his appeal from

an order of special term dated December 24th, 1861, granting leave to defendant, Henry Light, to issue execution on the judgment in his favor for $42.84, docketed in Yates county clerk's office May 6, 1853, and vacating the satisfaction-piece upon said judgment lately filed in said office.

The leading facts were as follows : Prior to April, 1853, the plaintiff commenced an action of ejectment against all the defendants, to recover possession of a parcel of real estate situated in Yates county. The action was tried at the circuit held in that county in April, 1853, when the plaintiff recovered against the defendants Fulton and Jarvis Light, and the defendant Henry Light had a judgment in his favor, with costs. The costs were duly adjusted at $42.84, and judgment was docketed therefor on the 6th of May of the same year. The plaintiff, some time during the latter part of the year 1861, procured from the defendant Henry Light, a satisfaction-piece upon said judgment to be duly acknowledged, and filed the same in the office of the clerk of Yates county. At the special term held for Monroe county, in December, 1861, the defendant Henry Light obtained an order upon notice for leave to issue an execution on the judgment, and that the satisfaction be vacated. The order was granted, after opposition thereto, at the special term, on the part of the plaintiff, and a copy thereof was served personally on the plaintiff on the 26th day of December aforesaid, but no notice in writing of said order has been served on his attorney at any time. Mr. Judd was the plaintiff's attorney in the action of ejectment, and the plaintiff has had no other attorney in said action at any time. At the time the motion was made upon which said order was granted, and for a long time after, he was too much out of health to attend to business, and upon learning the result of the motion, he requested another person, who was an attorney and counsellor of this court, to perfect an appeal from the order of the general term. The person so requested, undertook to perfect such appeal, and

with that view served upon the attorney of record for said defendant Henry Light, a notice of such appeal, which was directed to such attorney of record, and was not directed to the clerk where the order was entered, nor served upon him. This notice was served within thirty days after the copy order was served upon the plaintiff personally, and done in good faith, and with the *bona fide* intention of perfecting such appeal; and the omission to serve the notice on the clerk was through the inadvertence only of the person who undertook to perfect the appeal.

The notice of motion made at the December special term for the order, and the notice of the order were signed " John D. Wolcott, att'y for deft. Henry Light."

> CHARLES G. JUDD, *for plaintiff.*
> JOHN D. WOLCOTT and J. S. GLOVER, *for deft. Henry Light.*

WELLES, Justice. This motion is made upon the assumption that the plaintiff has given, in good faith, notice of appeal from the order, but has omitted, through mistake, to do an act necessary to perfect the appeal, under the provision of § 327 of the Code. The part of the section in question is as follows : " When a party shall give, in good faith, notice of appeal from a judgment or order, and shall omit, through mistake, to do any other act necessary to perfect the appeal, or to stay the proceedings, the court may permit an amendment on such terms as may be just."

The question is, whether the plaintiff has given notice of the appeal within this section ? The same section provides how an appeal shall be made. It is simply by the service of a notice in writing on the adverse party and on the clerk with whom the judgment or order appealed from is entered—stating the appeal from the same, or some specified part thereof. Then follows the provision above quoted. The notice of appeal was served on the attorney

Ellsworth agt. Fulton.

of record of the defendant in whose favor the order was entered. The omission was in not serving the notice on the clerk.

To give notice of appeal in order to give the court jurisdiction to allow the amendment under the section, means, to make out a notice in writing and serve it upon the adverse party and on the clerk. To serve it upon either, and not on the other, is not giving notice of the appeal within the meaning of the section. This I think evident from what the omission is from which the court has power to relieve the party—which is, to omit to do any *other act* necessary, &c. Other than what? Clearly than to give notice of appeal. No other interpretation is admissible. The only construction which could aid the plaintiff would involve the following absurd reading of the section : " When a party shall give, in good faith, notice of appeal from a judgment or order, and shall omit, through mistake, to give notice of such appeal as required by this section, or to do any other act necessary," &c. The section is general, and relates to all appeals provided for by the Code in civil cases to which its provisions, in whole or in part, can be made to apply ; and that part of it under which the plaintiff seeks relief, was intended to apply to such cases as an appeal from a judgment of the supreme court to the court of appeals, where the party appealing has served written notice upon all the proper persons, but has neglected by mistake to give the undertaking, or to make the deposit, as required by § 334, without which such appeal is not available for any purpose ;—to a case where an undertaking is necessary to have the appeal operate as a stay of proceedings, and such an undertaking has been omitted by mistake ;—where the judgment appealed from directs the assignment or delivery of documents or personal property, and the party appealing has inadvertently omitted compliance with such directions, which is required by § 336, as a condition of the appeal operating as a stay of proceedings,

together with all other cases where something necessary to be done, besides giving the notice of appeal, has been omitted from the same cause, and which is necessary to perfect the appeal, or to stay the proceedings.

The foregoing views lead inevitably, I think, to a denial of the present motion. The motion is therefore denied.